THIMESCH LAW OFFICE, PLC
TIMOTHY S. THIMESCH, ESQ., No. 148213
*tim@thimeschlaw.com*
GENE A. FARBER - Of Counsel, No. 44215
*genefarber@gmail.com*
4413 Prairie Willow Ct.
Concord, CA 94521-4440
Tel: 925/588-0401
Fax: 888/210-8868

Attorneys for Plaintiff FRANCISCA MORALEZ

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCA MORALEZ,<br><br>        Plaintiff,<br><br>v.<br><br>MONTEREY PLAZA HOTEL LIMITED PARTNERSHIP; MONTEREY PLAZA HOTEL CORPORATION; WOODSIDE HOTEL GROUP, LTD.; THE CANNERY ROW COMPANY, L.P.; FOURSOME DEVELOPMENT COMPANY; TED BALESTRERI; CITY OF MONTEREY; FRANK B. NIGHT; MICHELLE KNIGHT; and DOES 1 through 35, Inclusive,<br><br>        Defendants.<br>_____/ | Case No.<br>Civil Rights<br><br>**COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF AND DAMAGES:** DENIAL OF CIVIL RIGHTS OF A DISABLED PERSON IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990, AND CALIFORNIA'S DISABLED RIGHTS STATUTES<br><br><u>Intradistrict Assignment</u>: San Jose |

Comes now plaintiff FRANCISCA MORALEZ and alleges:

1.    She appears on behalf of herself and all other similarly situated persons with disabilities.

2.    She hereby complains of the following defendants:

        a.    MONTEREY PLAZA HOTEL LIMITED PARTNERSHIP, a foreign entity doing business as Monterey Plaza Hotel & Spa;

        b.    MONTEREY PLAZA HOTEL CORPORATION, a domestic entity, as a registered general partner with the Monterey Plaza Hotel Limited Partnership;

        c.    WOODSIDE HOTEL GROUP, LTD., a domestic entity doing business as Monterey Plaza Hotel & Spa;

        d.    THE CANNERY ROW COMPANY, L.P., a domestic entity;

e.    FOURSOME DEVELOPMENT COMPANY, a California general partnership holding a general partnership interest in The Cannery Row Company, L.P.;

f.    TED BALESTRERI, an individual, who, on information and belief, holds a general partnership interest in Foursome Development Company;

g.    CITY OF MONTEREY;

h.    FRANK B. KNIGHT, Trustee;

i.    MICHELLE KNIGHT, Trustee;

j.    DOES 1 through 35, Inclusive.

3.    All facts herein are alleged to be true on the date of incident and through time of filing this complaint.

4.    To assist court and counsel, plaintiff provides the following table of contents:

**TABLE OF CONTENTS**

I.    Introduction ............................................................................................ 3
II.   Jurisdiction and Venue .......................................................................... 4
III.  Parties & Facts ...................................................................................... 4
      A. Moralez ............................................................................................ 4
      B. Plaintiff's Counsel ........................................................................... 6
      C. Defendants ...................................................................................... 7
      D. Website ............................................................................................ 9
      E. The Property ................................................................................... 10
      F. Construction Work ......................................................................... 10
      G. Absence of Defenses .................................................................... 23
      H. Standing ......................................................................................... 26
      I. Damages .......................................................................................... 28
      J. Violations ........................................................................................ 30

IV.   Causes of Action

      I.    Title III of the Americans with Disabilities Act ......................... 30
      II.   Health & Safety Code Section 19955 et seq. ........................... 33
      III.  Disabled Rights Act, Civil Code §§ 54 et seq. ......................... 35
      IV.   Unruh Civil Rights Act .............................................................. 37
      V.    Government Code Section 12948 .............................................. 38
      VI.   Negligence Per Se ...................................................................... 39
      VII.  Declaratory Relief ..................................................................... 40
      VIII. Business & Prof. Code 17200 & 17500 ................................... 41
      IX.   Fraud ........................................................................................... 41
      X.    Title II of the Americans with Disabilities Act ......................... 42
      XI.   Section 504 of the Rehabilitation Act of 1973 ....................... 46
      XII.  Government Code Sections 4450-4456 and Sec. 11135 .......... 47

V.    Prayer ...................................................................................................... 48

Proof of Service upon California Commission on Disability Rights ........................ 50

**Thimesch Law Offices**
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

— 2 —
TOC

1    [end of TOC]

2

3    I.    <u>Introduction</u>

4        5.    Plaintiff FRANCISCA MORALEZ has physical disabilities that require her full time use of a

5    wheelchair for mobility as well as the use of other aids for accomplishing ordinary tasks.

6        6.    The named private defendants each own, operate, lease, or control the property and/or

7    site improvements constituting the Monterey Plaza Hotel & Spa in Monterey.

8        7.    The CITY OF MONTEREY is responsible for the passenger loading zone in front of the

9    hotel along cannery row.

10       8.    The below identified facilities, amenities, and services of the Monterey Plaza Hotel &

11   Spa are inaccessible to individuals using wheelchairs, including, but not limited to, the facilities,

12   services, and amenities associated with the web reservation facilities, the site arrival facilities,

13   the registration lobby facilities, the retail facilities; the recreational facilities, the patio and

14   viewing deck facilities, the restaurant and bar facilities, the public restroom facilities, the

15   conference center facilities, and, most humiliatingly, the guestroom facilities themselves. Some

16   of these conditions are created strictly through the failure of defendants' policies, practices, and

17   procedures as well as their failure to engage adequate employee training.

18       9.    Plaintiff files this action for herself and all other similarly situated members of the public

19   to vindicate rights under, inter alia, under Title III of the Americans with Disabilities Act of 1990

20   ("ADA"), 42 U.S.C. §§ 12101 et seq.; Health & Safety Code §§ 19955ff; Civil Code §§ 54 and 54.1;

21   and Business & Professions Code §§ 17200 and 17500.  She alleges defendant violated these

22   statutes by failing to provide full and equal access.

23       10.   Because of the inaccessible public sidewalks, park, loading zone, and related facilities on

24   the south end of Cannery Row, additional causes of action are brought against the Government

25   Entity Defendants and strictly as to that facility under Title II of the ADA, 42 U.S.C. §§ 12131 et

26   seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794; and Government Code §§

27   4450-4456; 11135; and 12948.

28       11.   Her goals are positive and seek to achieve, *inter alia*:

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

1        a.    Modification of policies, practices and procedures denying access to hotel goods

2    and services;

3        b.    Correction of discriminatory conditions on defendants' website;

4        c.    Elimination of inaccessible structural and programmatic facilities; and

5        d.    Meaningful equality.

6

7    II.    <u>Jurisdiction and Venue</u>

8    12.  Original jurisdiction is conferred for violations of 42 U.S.C. 12101, et seq. and 29 U.S.C.

9    §794a.

10    13.  Supplemental jurisdiction over violation s of California is proper, including for:

11        a.    Health & Safety Code Sections 19955 *et seq*.

12        b.    Civil Code Sections 51 *et seq.*, 54 and 54.1 *et seq.*

13        c.    Government Code §§ 4450-4456; 11135; and 12948.

14        d.    Business & Professions Code § 17200 *et seq.*, and

15        e.    Negligence per se.

16    14.  Venue and intradistrict is proper in this district because the subject real property is

17    located within this district.

18

19    III.   <u>Parties & Facts</u>

20      A.  Francisca Moralez

21    15.  Since 2013, Moralez has been domiciled in Antioch, California, and in the Bay Area since

22    1996.

23    16.  She visits Monterey for personal reasons approximately twice per year.

24    17.  At all times relevant, she has been a qualified as an individual with a disability (and

25    aggrieved or potentially aggrieved) for all purposes under the ADA and California law.

26    18.  She has rheumatoid arthritis.

27    19.  This condition affects major life activities.

28    20.  Her knees are completely deteriorated and bent at a 90-degree angle.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

21.  She has no ability to ambulate, no ability to stand, has a diminished grip, and diminished strength reach range limitations. Each of the subject conditions of this hotel as described within Exhibit 1 affect these specific disabilities.

22.  Her physical conditions require:

    a.    Full-time use of a wheelchair for mobility.

    b.    Traveling in a specially adapted van equipped with a lift.

    c.    Access to readily accessible and usable bathroom facilities due to urinary tract issues.

    d.    Use of adaptive physical techniques for reaching objects and operating doors and activating controls.

    e.    And careful movements along sloped ground and floor surfaces and over and around abrupt changes in rise.

23.  *Stability and Transfer*. Moralez relies upon the three sides of her chair as points of safety and for stability. She becomes vulnerable to falling when leaving the chair for bathing or for use of sanitary facilities. Her ability to make safe transfers is reliant upon accessible facilities. In making a transfer, she is dependent upon the availability of adjacent grab bars, handholds, or other means of vertical support.

24.  *Grip, Strength, Operation, Reach, and Use.* She has diminished grip. Due to inflammation in her elbows, wrists, hands, shoulders, and forearms, she has diminished strength in both of her arms and hands. Because of these physical conditions, as well as her natural seated position when moving about in public, she has:

    a.    Reach limitations; and

    b.    Difficulty performing fine motor tasks, especially those that require tight grasping, pinching, or twisting of the wrist.

    c.    Conditions such as controls and amenities placed outside of reach range usually require repositioning in her chair and cannot be operated in a readily accessible and readily usable manner.

25.  Equipment. She has a disabled license plate and placard issued by the DMV. She owns

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

− 5 −

TOC

1    and uses a wheelchair and ramp-equipped vehicle. Her physical disabilities qualify her for using

2    designated accessible parking facilities. She utilizes a medical bed.

3        26.  *Reliance on Notice.* To avoid searching and backtracking, activities which can cause a

4    loss of stamina and fatigue, Moralez relies upon directional signage indicating the accessible

5    route.

6        27.  *Stamina.* Moralez' physical disabilities require utilizing facilities that are readily

7    accessible and usable by persons using wheelchairs and with her grip, strength, and reach

8    limitations. As an example, traversing sudden changes in rise in the pedestrian path are a grave

9    cause of difficulty, will cause her actions to be guarded actions, often require her to reposition in

10   her chair, and frequently result in discomfort and pain. Part of her daily endurance also depends

11   upon that of her battery-powered equipment or that of her physical endurance when using her

12   manual chair. For these reasons, facilities that fail to comply with access codes cause her such

13   risk, fatigue, and limitation.

14       28.  She has no adequate remedy at law as to the recurring damages facing her each time

15   that she and other similarly situated disabled persons return to these inaccessible facilities.

16       29.  Unless the relief requested herein is granted, she and other guests with disabilities will

17   suffer irreparable harm in that their fundamental right to seek accessible public facilities will be

18   abridged and denied.

19       30.  She is not required to make any disclosures related to that of high frequency litigants.

20       31.  The statute defining such litigants is inapplicable to her because of the following:

21           a.    In the last 12-month period, she has filed less than 10 new actions.

22           b.    Almost without exception, all her past suits alleging construction-related

23   accessibility violations have both sought and/or obtained resolutions and settlement requiring

24   remedial repairs to comply with the ADA and/or state law.

25

26   **B.  Plaintiff's Counsel**

27       32.  Moralez' attorney is also not required to make any disclosures related to high frequency

28   litigants because the statute defining such counsel is inapplicable to his practice.

𝕿𝖍𝖎𝖒𝖊𝖘𝖈𝖍 𝕷𝖆𝖜 𝕺𝖋𝖋𝖎𝖈𝖊𝖘
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 6 –

TOC

33.  The foregoing is true for at least the following reasons:

a.  During most of his 32 years of his practice he has specialized almost exclusively in resolving construction-related access claims, with his overall average of such filings averaging approximately 10 or less per year.

b.  He has never represented a high-frequency litigant.

c.  With only rare exception, all of the suits in which he has represented clients with disabilities have succeeded in obtaining significant and enforceable injunctive relief and usually through a consent decree judgment or another form of court-enforceable settlement agreement.

### C.  Defendants

34.  "Defendants" are MONTEREY PLAZA HOTEL LIMITED PARTNERSHIP; MONTEREY PLAZA HOTEL CORPORATION; WOODSIDE HOTEL GROUP, LTD.; THE CANNERY ROW COMPANY, L.P.; FOURSOME DEVELOPMENT COMPANY; TED BALESTRERI; CITY OF MONTEREY; FRANK B. NIGHT; MICHELLE KNIGHT; and DOES 1 through 35, Inclusive.

35.  Herein, all named defendants except the CITY OF MONTEREY and DOES 31 through 35, Inclusive, shall be referred to as the "Private Defendants."

36.  Herein, all named defendants except the CITY OF MONTEREY; FRANK B. NIGHT; MICHELLE KNIGHT; and DOES 26 through 35, Inclusive, shall be referred to as the "Private Hotel Defendants."

37.  Herein, FRANK B. NIGHT; MICHELLE KNIGHT; and DOES 26 through 30, Inclusive, shall be referred to as the "Dos Victorias Building Defendants." The claims that relate to these defendants are strictly those at Exhibit 1, Item No. 6.81 on page 17, and item 9.102 (stairlift) on page 29 (first-floor public restrooms). The other interior spaces and facilities of that building will remain beyond the scope of this complaint.

38.  The CITY OF MONTEREY and DOES 31 through 35, Inclusive, shall be referred to as "Government Defendants." The claims that relate to these defendants are strictly those at Condition Numbers 2.70 (139). through 2.93 (162). Other City facilities that outside the subject

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

1  geographical boundaries are outside the scope of this Complaint.

2  39. One or more of the defendants is a serial offender because:

3  a. On information and belief, each has been sued one or more times for access

4  violations, yet has never bothered to perform proactive CASp surveys and other company

5  owned locations to ensure their facilities comply with construction and programmatic

6  obligations under the ADA and California law, or, alternatively, has performed the such a CASp

7  survey but ignored its recommendations or limited the scope of the inspection to identifying

8  only programmatic violations, i.e., without regard to the more extensive construction

9  obligations.

10  b. Instead, each follows a distinct pattern and practice of pretending to be

11  "grandfathered," or ignoring their obligations altogether, or simply remaining ignorant of them

12  until being sued.

13  40. Defendants were on notice and knew their barriers and practices would act to exclude

14  and deter persons using wheelchairs.

15  41. And thereby deny them full and equal access.

16  42. In fact, the barriers in the guestroom bathroom are so obvious as to implicate a case of

17  discriminatory intent.[1]

18  43. Defendants' inaction was thus in complete indifference to the probable result.

19  44. In the instant case, Plaintiff complained directly to management.

20  45. She is further informed and believes that, long before her visit, defendants were:

21  a. Made aware of their barriers, access obligations, and the effect on wheelchair

22  users.

23  b. Such awareness was made through, inter alia, prior complaints received from

24  persons with disabilities.

25  c. Also, through media sources.

26  d. Also, through governmental sources.

27  e. Also, through trade groups.

28

---

[1]  *See, Gunther v. Lin* (2006) 144 Cal.App.4th 223, 229, ftn. 6.

Complaint for Equitable Relief and Damages:

– 8 –

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

f.   Also, through past litigation.

g.   Also, through the sophistication of this major company.

h.   And defendants were thus on notice.

i.   Despite this notice, defendants have knowingly failed and refused to cure.

j.   Such conduct was thus despicable.

k.   It was thus made in conscious disregard of the known effects.

46.  This conduct thus justifies imposition of treble and/or punitive damages, were available.

### D.  The Website

47.  The hotel's website at https:// montereyplazahotel. com/ advertises accommodations exclusively for the subject Monterey Plaza Hotel & Spa in Monterey.

48.  On information and belief, this website was created, and is owned and managed by Defendants.

49.  Falsely, the website claims that the hotel has accessible guestrooms and suites and other accessible facilities.

50.  It provides only limited and insufficient information as to the range of accommodation for its designated accessible guestrooms, i.e., whether there are accessible options with two beds, among the larger suites, within the special packages, or having communication features.

51.  On information and belief, this hotel is responsible for the failure of other third-party travel sites that also fail to publish data concerning this hotel's accessibility options.  This is because the hotel's failure to report accurate and complete information in turn causes other sites such as Experida.com, Hotels.com, Trivago.com, Reservations.com, etc., to also lack the necessary data. Consequently, Defendants additionally violate the third-party obligations imposed by § 36.302.

52.  On information and belief, the hotel provides both its website staff and hotel staff with insufficient formal training, handbook or written policy, practices and procedures for accommodating guests with disabilities.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

### E.   The Hotel Property

53.   The Monterey Plaza Hotel is located at its advertised physical address of 400 Cannery Row, Monterey, California, and with its two subject buildings that span Cannery Row having addresses registered with the county assessor at three different parcels along Cannery Row at address numbers 301, 375 and 380 Cannery Row, and at parcel numbers 001-031-011-000, 001-032-017-000, and 001-033-010-000, respectively. (Hereafter, "Subject Parcels.")

54.   Based on information and belief, plaintiff alleges:

a.   THE CANNERY ROW COMPANY, L.P., its general partners, and/or DOES, own the subject property and lease it to hotel owners-operators MONTEREY PLAZA HOTEL LIMITED PARTNERSHIP; MONTEREY PLAZA HOTEL CORPORATION; and WOODSIDE HOTEL GROUP, LTD.

b.   On information and belief, and as to the hotel, this complaint already joins all parties known to:

(i)   Claim an interest in the subject matter of this action;

(ii)   Be necessary to accord complete relief among the parties; and

(iii)   Be indispensable to obtaining complete relief.

### F.   The Dos Victorias Building

55.   The building at 299 Cannery Row, Monterey, California, has parcel numbers 001-036-004 through -006.

56.   Based on information and belief, plaintiff alleges:

a.   FRANK B. NIGHT, Trustee; and MICHELLE KNIGHT, Trustee, and DOES 26 through 30, inclusive, own and operate this building. FRANK and MICHELLE KNIGHT do so in the capacity of the trustees of a trust, whose name and other identifying information is presently unknown an unknown trust.

b.   On information and belief and as to the Dos Victorias Building, this complaint already joins all parties known to:

(i)   Claim an interest in the subject matter of this action;

(ii)   Be necessary to accord complete relief among the parties; and

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

— 10 —
TOC

(iii)   Be indispensable to obtaining complete relief.

## G.   Construction Work in General

57.   Construction work has occurred at the hotel and Dos Victorias Building within the statutory period of Health & Safety Code §§ 19955 et seq., i.e., on or after enactment on July 1, 1970, and through the present time.

58.   For the subject public facilities, construction work has occurred within the statutory period of Government Code Sections 4450 et seq., i.e., since on or after enactment on June 6, 1968, and through the present time.

59.   Construction work also occurred at the two private properties and the subject public facilities within the statutory period of the Americans with Disabilities Act of 1990, i.e., on or after enactment on January 26, 1992, and through the present time.

60.   On information and belief, such construction work includes:

a.   New construction

b.   Additions

c.   Improvements

d.   Remodeling

e.   Alterations, and/or

f.   Structural repairs

## H.   Construction Work at the Hotel

61.   Original 1985 Construction. Public records indicate this hotel was newly built in 1985. Consequently, those facilities as they then existed were subject to the 1982 Edition of the California Building Code (Hereafter, "82-CBC" or "82-T24").

62.   Extensive Remolding History. On information and belief, the subject hotel has undergone frequent remodeling triggering the requirement to comply with the current codes. This allegation is made based upon the following sources of information obtained from the web, the building department, and archived newspaper articles, which indicate the following:

(1)   Pre-History       Web – According to the local website entitled "History of

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Monterey," the construction of the home of the Tevis Estate occurred in this year and was later rebranded the Tevis Murray Estate. It is at the site of the present-day Monterey Plaza Hotel (MPH).

In the 1940s, the estate was torn down to build the San Carlos Canning Company, some of whose ruins remain preserved at the nearby San Carlos State Beach. Also, across the street from the hotel's Building 1 are the Tevis-Murray Estate Cottages in their preserved condition.

A "post card" from 1953 that shows a distant and obscured view of this section of the coastline.

(2) 1984          Web – According to the "History of Monterey" website, Monterey Aquarium opens in this year.

(3) 1984-06-04    Building Dept Records ("BDR") consisting of a set of blueprints for the hotel's original construction.

(4) 1984-06-04    BDR consisting of a set of a large set of blueprints related to original construction.

(5) 1985-07-06    A newspaper article in the Californian about New Hotel Under Construction in Monterey (with photo of work in progress on Buildings 2 and 3.

(6) 1985          From the Web – The "History of Monterey" website represents that in this year the Monterey Plaza Hotel "opens on the Tevis Estate site in a return to the early grandeur and elegance of Ocean View Avenue, the original name of the street which, in 1958, was officially renamed Cannery Row." See Photos at p. 1825.

(7) 1985-12-18    A MPH newspaper advertisement in the Sacramento Bee with large, page-width depiction of the entire hotel resort that has been hand drawn by an architect or other design provisional and depicts several building elevations on all three buildings not matching current conditions.

(8) Mid Eighties? Web – An undated postcard with a drawing of the hotel matching that in the MPH advertisement on Dec. 18, 1985, i.e., with building elevations not matching the current condition.

(9) 1987-08-14    BDR consisting of a set of 6 blueprints related to a "Shoring Plan."

(10) 1987-11-18   BDR consisting of blueprints for the waiter stand in the Holding Kitchen

(11) 1987-03-10   BDR consisting of a set of blueprints for work on north-east angled side of Bldg. 1 and related to a "Sea Fantasies" Project. It's a possible build out or an addition.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 12 –

TOC

| | | |
|---|---|---|
| (12) 1990-12-20 | | BDR consisting of blueprints showing laundry room structurals and foundation work. |
| (13) 1991-09-13 | | A newspaper Article in the SF Examiner entitled "Interior Design an Exquisite Statement of Taste," and describing, inter alia, the hotel's guest room and suite count and the architectural styles of the various guestrooms. |
| (14) 1991-11-09 | | BDR consisting of blueprints for the Lobby/Bar Access, work that involves framing. |
| (15) 1993-04-04 | | An MPH newspaper advertisement in the SF Examiner providing a low-level, wide angle aerial shot taken from the ocean of nearly the entire hotel and with several building elevations differing from the current condition. |
| (16) 1993-06-22 | | BDR consisting of blueprints for a new jam supported rolling door. This permit is marked "expired."[2] |
| (17) 1993-07-29 | | BDR consisting of blueprints for the laundry room |
| (18) 1993-07-29 | | BDR consisting of a set of mechanical blueprints |
| (19) 1993-09-01 | | BDR consisting of a set of blueprints for Bldg. Retail/Restrooms/ Offices |
| (20) 1994-05-02 | | BDR consisting of a set of blueprints for major retail work on Bldg. 1 at its western end and at the site of the present-day Tidal Coffee |
| (21) 1994-05-29 | | A newspaper Advertisement in the SF Examiner representing the hotel to be an "*elegantly remodeled landmark on the water...*" (emphasis added.) |
| (22) 1994-07-20 | | BDR consisting of a set of blueprints for the Porte Cochère demolition of stairs to make way for planters and balustrade at the front. |
| (23) 1995-04-26 | | BDR consisting of a set of blueprints for the Thomas Kinkaid Gallery, with blueprints for framing and electrical. |
| (24) 1995-11-15 | | A newspaper article or advertisement in the SF Examiner stating the hotel "has completed a $5 renovation and expansion," |

---

[2] Plaintiff alleges that the permits and blueprints marked herein as "expired" are still relevant to determining the site's complete construction history; that they may represent projects that were actually performed but without the contractor or owner bothering to obtain new permits or without bothering to obtain a final inspection; and that in instances, the local building department marked the old permit and/or blueprints as "expired" but while leaving it to the owner to rectify permit status at a later date. Indeed, within the subject permit history. Here, there is considerable evidence of this practice. For example, please see entries, infra, for Permit Nos. B15-0591 and B16-0591, which evidence work having occurred but without a final inspection taking place.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

1        that includes the guestrooms.

2   (25) 1995-11-02   BDR consisting of a set of blueprints for work on the functions level

3                     and in the lower lobby of Bldg. 2

4   (26) 1996-01-06   BDR consisting of a set of blueprints for the Dolphin Fountain

5   (27) 1996-04-14   A newspaper article in the SF Examiner "Dolphin Sculpture and

6                     Fountain Unveiled"

7   (28) 1996-06-18   BDR consisting of a set of blueprints for major remodeling work at

8                     the Schooner's Restaurant

9   (29) 1998-01-07   BDR consisting of Bldg. Permit No. B97-0683 to "INSTALL 4

                      PLANTER BOXES," with a value of $3k, and marked as "Expired."

10

11  (30) 1998-08-14   BDR consisting of Bldg. Permit No. B97-0683 for "T.I. FOR DARYL

                      STOKES 'STOHANS GALLERY,'" with a value of $20k, and marked as

12                    "Finaled"

13  (31) 1998-09      From Google Earth Historical Images, the image for this month

                      appears to show Building 1 without out a roof and under

14                    reconstruction.

15  (32) 1998-09-28   BDR consisting of Bldg. Permit No. B98-0400 to "INSTALL 2

                      FIREPLACES," with a value of $20k and marked as "Expired"

16

17  (33) 1998-11-08   A newspaper article in the San Francisco Examiner

                      representing that, "*In the spring 1999, the Monterey Plaza Hotel

18                    will present its exclusive European-style spa...[which is a] $4.2

                      million, 10,000 square-foot, roof-top facility, currently under

19                    construction...*" It also represents the project includes "*three new

                      luxury suites.*"

20

21  (34) 1999(?)      BDR consisting of Bldg. Permit No. B99-0354 to "INSTALL GAS

                      FIREPLACE IN 2302 & 2402," with a value of $20k and marked as

22                    "Expired"

23  (35) 1999(?)      BDR consisting of a Mechanical Permit No. M10-025 to "REMOVE

                      FIRE DAMAGED FAN, REPLACE IN KIND; DUCT REPAIR," with the

24                    value not stated and marked as "Expired"

25  (36) 2000-10-18   BDR consisting of Bldg. Permit No. B00-0555 to "REPLACE

                      CORRIDOR DOORS AT FUNCTIONS LEVEL,"

26                    with a value of $10k and marked as  "Finaled"

27  (37) 2001-01-04   BDR consisting of Bldg. Permit No. B00-0806 for "INTERIOR TI ST. E

                      HOWARD BEHRENS GALLERY," with a value of $90k and marked as

28                    "Finaled"

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 14 –

TOC

(38) 2002(?)        BDR consisting of Bldg. Permit No. B02-0286 to "REPLACE PIZZA OVEN/ADD CONVECTION OVEN," with a value of $20k and marked as "Expired"

(39) 2002-11-13     BDR consisting of Bldg. Permit No. B02-0696 to "COMP. & BUR TO / COMP. & BUR.," with a value of $92,000 and marked as "Finaled"

(40) 2002-12-07     A newspaper article in the Californian entitled "*Monterey Plaza rooms get new looks, amenities,*" and representing:
(1) Hotel now called Monterey Plaza Hotel & Spa
(2) It has "*completed a $5 million renovation of its 385 guestrooms.*"
(3) The work includes, inter alia, "*new bathroom vanities.*"

(41) 2002            The travel website Emporis.com has the MPH completed in 1985 and renovated in 2002.

(42) 2003-12-25     A newspaper advertisement in The Californian of this date represents that through "*our recent $5 million renovation means we've refreshed and renewed every guestroom detail…*"

(43) 2004-01-01     A newspaper advertisement in The Californian of this date makes the same representation as the advertisement date 2003-12-25.

(44) 2004-12-22     BDR consisting of Bldg. Permit No. B04-0769 to "LEGALIZE TO MODIFY CEILINGS & ELEVATOR LOBBIES," with a value of $250k and marked as "Finaled"

(45) 2005-03-01     BDR consisting of Bldg. Permit No. B05-0093 to "RE ROOF COMP TO CLASS A COMP/BLDG C/OK K. COLE"
Value of $163,490 and marked as "Finaled"

(46) 2005-10-02     A newspaper article in the San Francisco Chronicle referencing "renovations" at the MPHS.

(47) 2006-11-02     BDR consisting of Bldg. Permit No. B06-0231 for "TI CONFERENCE ROOMS," with a value of $600k and marked as "Finaled"

(48) 2007-2008      From Google Earth Historical Images: a comparison of historical images of the hotel from 2007 and 2008 demonstrate an altered roof structure for the hotel's Porte Cochère.

(49) 2008-2009      From Google Earth Historical Images – a comparison of historical images at another angle that are from 2007 and 2009 and showing the same altered roof structure for the hotel's Porte Cochère.

(50) 2008-08-28     BDR consisting of Bldg. Permit No. B07-0294 for "ENTRY DOORS; GLAZING/REFACE BLDG FACE; PAVING," with a value of $160k and marked as "Finaled"

Complaint for Equitable Relief and Damages:

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

— 15 —
TOC

1

2
(51) 2008-01-08   BDR consisting of Bldg. Permit No. B07-0680 for a "RESTROOM REMODEL; LOWER LOBBY, MENS & WOMENS," with a value of $49k and marked as "Finaled"

3

4
(52) 2008-02-11   BDR consisting of Bldg. Permit No. B07-0679 for a "NEW ENTRY," with a value of $250k and marked as "Finaled"

5

6
(53) 2008-06-05   BDR consisting of Bldg. Permit No. B08-0108 to "REMODEL OF CAFÉ, COFFEE SHOP," with a value of $180,000 and marked as "Finaled"

7

8
(54) 2008?   Google Images – a group of 4 shots from web showing the former Café La Strada

9

10
(55) 2008-10-15   BDR consisting of Bldg. Permit No. B08-0438 to "INSTALL [sic] 3- AWNINGS: MONTEREY PLAZA CAFÉ LA STRADA," with a value of $5k and marked as "Finaled"

11

12
(56) 2009(?)   From a former Loop.net post, a map of various hotel spaces available for rental, including storage, retail, office, and parking (deemed from this period because it depicts Café La Strada).

13

14
(57) 2009(?)   BDR consisting of Bldg. Permit No. B09-0506 for "REPL TWO DOORS WITH WINDOWS," with a value of $10k and a status marked as "expired."

15

16
(58) 2011-10-04   BDR consisting of Bldg Permit No. B1100039 for "REPAIRS TO VIEWING DECK," with a value of $95,000 and marked as "Finaled"

17

18
(59) 2012-03-30   BDR consisting of Bldg. Permit No. B12-0068 to "INSTALL OUTDOOR FIRE PIT," with a value of $20k and marked as "Finaled"

19

20
(60) 2012-05-18   BDR consisting of Bldg. Permit No. B12-0190 to "REROOF CAPSHEET TO CLASS 'A' SINGLE-PLY PVC," with a value of $18,700, and marked as "Finaled"

21

22
(61) 2012-09-15   A newspaper article from the Californian refers to a "*Newly remodeled Schooners Coastal Kitchen & Bar.*"

23

24

25
(62) 2015(?)   BDR consisting of Bldg Permit No. B15-0151 to "REPLACE ROOFTOP HVAC UNIT & BOILER," with a value of $181,850 and with a status of "Routed" and "In Review" (But see finaled permit at 2015-04-30)

26

27
(63) 2015-04-03   BDR consisting of Bldg. Permit No. B15-0154 to "REROOF CAP SHEET TO CLASS 'A' 50-MIL DURO-LAST," with a value of $52,000 and a status of "Issued"

28
(64) 2015-04-30   BDR consisting of Mechanical Permit No. M150013 to "REPLACE ROOFTOP HVAC UNIT & BOILER," with an unstated value and

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

— 16 —
TOC

marked as "Finaled"

(65) 2015-08-14   BDR consisting of Bldg. Permit No. B15-0231 to "REPLACE TERRACE AND PLAZA RAILINGS," with a value of $90k and marked as "Expired."

(66) 2015?   Web – a pixelated Google Image showing map of improvements for "The Terrace."

(67) 2015-12-04   BDR consisting of Bldg. Permit No. B16-0591 for "ADA CNTR; R/R [sic] HNDRRAIL; LIGHTING & S/R LOBBY, LWR CORD," with a value of $100k and a status of "Final Inspections" and "Expired."

(68) 2015(?)   BDR consisting of Street Permit No. St15-134 to "DIG TO LOCATE BURIED VAULT," with no value stated, and marked with a status of "Issued" and "Inspection"

(69) 2016-03-04   An in www. theMeetingMagazines. com concerning an interview of MPH management and with the following quotes:

   (a)   "*The Monterey Plaza Hotel & Spa…has completed a comprehensive lobby renovation.*"

   (b)   "*The new Helmsman Lounge…will become the hotel's signature bar overlooking Monterey Bay… (…with live entertainment…).*"

   (c)   "*The remodeled fireplace with custom stone surround is the centerpiece for a new seating area.*"

   (d)   "*Brilliant marble floors and signature teak paneling were reconditioned throughout.*"

   (e)   "*Venetian plaster ceilings were added.*"

   (f)   "*All guest services stations were remodeled and upgraded to better serve the guest.*"

   (g)   "*The renovation of the lobby is a major phase of the $2.7 million in improvement being bade at the resort.*"

   (h)   "*Also recently completed is the new sundeck at the Vista Blue Spa, offering a spectacular view of Monterey Bay, looking out to the north and east.*"

   (i)   "*The four penthouse suites were completely remodeled with new furniture, carpets, drapes, colors and décor that continue the influence of the coastline.*"

(70) Pre-2016-11?   A set of undated guest photographs obtained from TripAdvisor, etc., depicting various guestroom bathroom facilities at the hotel that are equipped with bathtubs.

(71) 2016-11-21   BDR consisting of Bldg. Permit No. B16-0510 to "UPGRADE 270 GUESTROOM SHOWERS," with a value of $2 million and a status of "Final Inspections."

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

(72) 2016-11-28   BDR consisting of Bldg. Permit No. B16-0540 for "FENCING; DEMO CONCRETE; HANDRAIL @ STEP," with a value of $50k and marked as "Finaled"

(73) 2017(?)   BDR consisting of Bldg. Permit No. B17-0042 to "REMOVE (E) COOPER EDGE FOR REPAIR," with an unstated value and a status marked as both "pre-issue" and "expired."

(74) 2017-02-27   BDR consisting of Bldg. Permit No. B17-0043 for "LOWER TERRACE IMPROVEMENTS," with a value of $100k and marked as "Finaled"

(75) 2017-04-13   A TripAdvisor guest review stating, "*There was major construction going on the outside patio area and Schooners bar section was closed…*"

(76) 2017-09-26   From the Monterey Meetings Blog of this date: "*The Monterey Plaza Hotel & Spa on Cannery Row is in its final phase of a $4.5 million renovation of the property's guest rooms. The hotel recently completed an upgrade of the outdoor patio at its restaurant Schooners Coastal Kitchen & Bar with a new fire pit, furnishings and glass railing. There is also a new exterior staircase and a newly tiled lower terrace. In 2016, the Monterey Plaza Hotel & Spa unveiled a new lobby, upgraded guest service stations, the new Helmsman Lounge, a new rooftop sundeck at the Vista Blue Spa and remodeled penthouse luxury suites.*"

(77) 2017-12-21   BDR consisting of Mechanical Building Permit No. MBP-17-2421 for the "INTERIOR REMODEL OF FINISHES AND FURNITURE," with an unstated value and marked as "Finaled"

(78) 2018-03-04   A newspaper article in the SF Chronicle that refers to "*four refurbished luxury suites…*" It also refers to Also has the room count at 290 guest rooms, 140 of which have harbor and ocean views.

(79) 2018-03-16   BDR consisting of Mechanical & Building Permit No. MBP-17-2374 for the "ADDITION OF 2 SPA POOLS AND RESTROOM PLUS RAISED DECK AT SPAS (200 SQ FT)," with a value of $350k and marked as "Finaled"

(80) 2017-09-26   An article in the montereyherald. com entitled "*Monterey Plaza Hotel & Spa unveils completed $5.5 million renovation,*" and with the following quotes from the hotel management:

(a)   "*The Monterey Plaza Hotel and Spa spent the last two-and-a-half years on a $5.5 million renovation of its property located at 400 Cannery Row.*

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

TOC

(b) *"The hotel has renovated all 291 guestrooms, spa level luxury suites, the Vista Blue Spa sundeck, Schooners Coastal Kitchen patio, lower terrace, the new coffeehouse Tidal Coffee, as well as the upper and lower lobbies, said John Narigi, general manager. 'Projects include both physical construction with some of the projects and new furniture, fixtures and equipment packages.'"*


Hotel Web Photo Depicting a Typical Remodeled Guestroom Bathroom

(c) *"The Plaza Hotel commissioned Laura Cook Interiors, a San Francisco area interior designer, to lead the extensive redesign of the hotel's guestrooms. The rooms now feature new bedding, chairs, desks, wallpaper and drapes, as well as new balcony furniture, walk-in showers and natural stonework in all bathrooms."*

(d) *"The hotel has reintroduced four new suites offering luxury accommodations which include custom furnishings, spa-like marble bathrooms, private balconies, and modern entertainment amenities."*

(e) *"The Monterey Plaza Hotel and Spa accommodated 136,000 guests in 2017."*

(f) *"'There have been four major renovations (since the hotel opened in 1985), not including the addition of a fifth floor to create the Vista Blue Spa and four penthouse suits, the creation of Schooners Coastal Kitchen and Bar, and now Tidal Coffee,' said Narigi."*

(g) *"The Monterey Plaza Hotel and Spa is a nine-time designated Forbes Four-Star rated hotel, and the top-rated hotel in Monterey by TripAdvisor."*

(h) *"[S]aid Narigi… "We are the only Forbes four-star property in Monterey."*

(81) 2018-04-16   BDR consisting of Encroachment Permit No. 18-0799 to "PLACE SCAFFOLDING FOR IMPROVEMENTS TO UPPER TERRACE, SEE PERMIT # MBP17-2374," with no value stated and a status of "Issued" and "Inspection"

(82) 2018-04-24   An article in the online magazine "HB" or "Hotel Business" that repeats many of the same lines as the foregoing article from the Monterey Herald dated 9-26-17.

(83) 2018-04-25   A TripAdvisor guest review that states, *"Don't stay there until the Construction is Finished…"* and *"…no one wasn't to go on VAC and listen to drilling and hammering for 7 hours."*

(84) 2018-05-29   BDR consisting of Encroachment Permit No. 18-1161 for a "CRANE TO LIFT (2) HOT TUB SPAS TO TERRACE AT MONTEREY PLAZA HOTEL," with no value stated and a status of "Issued" and "Inspection"

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

(85) 2018-05-29     BDR consisting of Encroachment Permit No. 18-2036 to "CLOSE (1) LANE FOR SIGNAGE WORK ON BUILDING," with no value stated and with a status of "Issued" and "Inspection"

(86) 2018-04-15     BDR consisting of Mechanical & Building Permit No. MBP-19-0678 for the "INTERIOR ALTERATIONS AT 5TH FLOOR SPA AREAS." With a value of $150k and a status of "Finaled"

(87) 2018(?)     A Google image showing scaffolding erected on Southern Elevation of Building 1 at its Eastern end and leading up to the 5th floor spa.

(88) 2018-04-15     BDR consisting of Mechanical & Building Permit No. MBP-20-2526 for the "EMERGENCY REPAIR OF FOUNDATION," with a value of $50k, and with a status of "Approved" and "Pending Cont & Fees"

(89) 2021-07-07     BDR consisting of Building Permit No. MBP-21-0579 to "CONSTRUCT BUILT IN SEATS," with a value of $150k and marked as "Finaled"

(90) 2022-06-12     A newspaper article in the SF Chronicle representing, "*The setting: the penthouse level of Monterey Plaza Hotel, overlooking Monterey Bay. Renovated in early 2019, the spa offers nine treatment rooms, including an ocean-view suite for couples with two soaking tubs, heated floors, a shower, fireplace and private balcony.*"

63. The foregoing building records and documents in paragraph 62, as well as a visual inspection of the hotel and its parking ramp, indicate at least <u>eight</u> areas of these facilities that were affected by extensive remodeling projects that have occurred since the time of their original construction in 1985-86:

     a.    PARKING RAMP. A simple visual inspection of the hotel's separate parking ramp structure at 275 Cannery Row and its concrete parking surfaces and of its painted stalls indicates the hotel has performed periodic maintenance since the time of the ramp's original construction in approximately 1986. This indicates the parking ramp's stalls have been redesigned and restriped multiple times within the last 35 plus years, and at least once within the last 5-10 years. The hotel also appears to have installed a new row of electric vehicle charging stations on the lower floor of the garage, which, on information and belief, occurred within approximately the same time period.

     b.    PORTE COCHÈRE – VARIOUS REMODELING PROJECTS. The Porte Cochère obligations stem

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:      – 20 –
TOC

1   not just from the original construction in 1985, but also as part of the hotel's path of travel

2   obligations retriggered on multiple occasions when performing it various remodeling projects

3   throughout the hotel. It also appears based upon the building records as well as aerial

4   photographs that the Porte Cochère, itself, underwent major remodeling projects in

5   approximately 1994, 1998 and 2007, 2008, and 2009. See paragraph 62, supra, at, inter alia,

6   subparagraphs (21), (22), (29), (48), (49), and (50). Herein, combination of this work shall be

7   referred to as the "*porte cochère's various remodeling projects*," and the like.

8          c.   LOBBY – VARIOUS REMODELING PROJECTS. The records indicate the lobby has been

9   modernized and remodeled on multiple occasions while not rectifying access obligations, many

10   of which appear to date back to the original construction. Once again, this means the work

11   would be subject to the 19-CBC and 10-ADAS, and a cascade obligation would apply, making no

12   difference which code period is initially applied. See paragraph 62, supra, at, inter alia,

13   subparagraphs (14), (21), (25), (44), (51), (67), (69), and (76) (a) and (g). Herein, combination of

14   this work shall be referred to as the "*lobby's various remodeling projects,*" and the like.

15          d.   5TH FLOOR ADDITION AND OTHER BUILDING 1 REMODELING WORK. In approximately 1998,

16   the hotel added a 5th floor to the building 1 of the hotel, which consisted of a number of new

17   luxury suites, a new spa with rooms for massage and spa services, a new hot tub deck which

18   includes viewing facilities as well as public restroom and steam room facilities, a new exercise

19   facility with locker, and bathing and steam room facilities. All of these facilities were upgraded

20   in 2016-2018. And in approximately 2017-18, a new family spa terrace was added on a lower

21   floor of building 1, which included a platform lift and unisex public restroom facilities. See

22   paragraph 62, supra, at, inter alia, subparagraphs (30), (33), (69) (a), (h) and (i), (74), (76), (79),

23   (80) (b), (d), and (f), (81), (83), (84), (86), (87), and (90). Herein, combination of this work shall

24   be referred to as the "*spas various addition and remodeling projects,*" or the like. Also, the 5th

25   floor addition of the luxury suites shall also be included in the hotel "*various guestroom

26   addition and remodeling projects*," or the like, which are discussed next.

27          e.   GUESTROOM REMODELING PROJECTS. In addition to the 1998 addition to building 1

28   referred to in the last item, it appears the hotel's various guestrooms facilities have undergone

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 21 –

TOC

1  multiple, multi-million dollar remodeling projects, including in 1991, 1995, 2002, 2003,

2  2016-18. See paragraph 62, supra, at, inter alia, subparagraphs (13), (21), (24), (33), (40), (42),

3  (69) (i), (70), (71), (76), (78), (80) (b), (c), (f), and (i), (84), (86), (87), and (90). Also, within

4  approximately the last month, the hotel has revised its website to indicate the Cannery Row

5  Suite is now "accessible," which would indicate there was recent work done there. The demand

6  shall refer to these projects in the collective as the hotel "*various guestroom addition and*

7  *remodeling projects,*" or the like.

8       f.    RESTAURANT, BAR, AND RETAIL REMODELING PROJECTS. The records indicate the

9  restaurant, bar, retail, and business center areas have undergone remodeling in 1993, 1995,

10  1996, 1998, 2001, 2008, 2012, and 2016, 2017. See paragraph 62, supra, at, inter alia,

11  subparagraphs (19), (20), (21), (23), (25), (28), (30), (36), (51), (54), (61), (69), (76), and (89).

12  Herein, combination of this work shall be referred to as the "*various restaurant and retail*

13  *remodeling work,*" or the like.

14       g.    CONFERENCE REMODELING PROJECTS. Major remodeling projects were undertaken at

15  the conference level in 1995 and 2006. See paragraph 62, supra, at, inter alia, subparagraphs

16  25, 47, 51. Herein, combination of this work shall be referred to as the "*various conference*

17  *remodeling work,*" or the like.

18       h.    PLAZA REMODELING PROJECTS. Remodeling at the plaza took place in 1996, 2011-12,

19  and 2015. See paragraph 62, supra, at, inter alia, subparagraphs (26)-(27), (58), and (66).

20  Herein, combination of this work shall be referred to as the "*various plaza remodeling work,*" or

21  the like.

22       64.  On information and belief, other alteration or remodeling work performed without

23  permits has occurred at the property triggering the obligation of defendants to comply with

24  literal accessible design requirements of state and federal law.

25       65.  For instance, on information and belief, and during the statutory period of both

26  California and federal law:

27       a.    The subject guestrooms have received new fixtures and/or re-tiled surfaces.

28       b.    Other parts of the property have undergone triggering work with or without

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

1    permits.

2

3    **I.    Construction Work at the Dos Victorias Building**

4        66.   On information and belief, the individual office and retail condominium units of the

5    building, including but not limited to, the Dos Victorias Restaurant itself, have each undergone

6    sufficient alterations since 1970 under state law, and since 1992 under federal, to trigger the

7    building's path of travel obligation to provide an elevated means of access at the main entrance

8    steps and to its adjacent sanitary facilities on the first floor.

9

10   **J.    Construction Applicable to the Public Facilities**

11       67.   On information and belief, the subject public facilities were all constructed, altered, and

12   structurally maintained since on or after June 6, 1968. Also, resurfacing projects along the

13   subject portion Cannery Row, which also includes the resurfacing the hotel's adjoining passenger

14   loading zone, are an alteration within the meaning of 28 C.F.R. § 35.151(e), and that the

15   Government Defendants were, therefore, required to ensure that fully accessible curb ramps

16   were installed in those areas where the resurfacing occurred.

17

18   **K.   Absence of Defenses**

19       68.   On information and belief, during the statutory period of the ADA, Defendants have

20   performed no barrier removals or policy adjustment;

21       69.   As of this filing, Defendants have not engaged a CASp to determine their access

22   obligations as dictated by their construction history.

23       70.   As of this filing, defendants have no present plans to remove barriers or make the

24   requested policy modifications, nor building permit or permit applications on file to perform

25   same.

26       71.   None of the work conducted at this hotel and their resulting deviations from the literal

27   design requirements for access qualified for a construction tolerance, and for at least the

28   following reasons.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

a.     This was new construction project, and achieving full compliance was subject to careful design and construction techniques.

b.     At the time of construction there were no "*in-the-field conditions*" that would have justified deviation from the literal design requirements, or that weren't capable of avoidance through careful design and construction techniques.

c.     Many, if not most, of the deviations were subject to specific ranges of compliance, and thus were of the type where construction tolerances are never allowed.

72.  For all construction projects, there is no evidence on file with the local building department that defendants or predecessors ever obtained, much less sought, any form of relief from the literal design requirements for disabled accessibility imposed by Title 24. This includes a failure to obtain:

a.     An "exception" from such requirements (which required formal filings with the building department meeting the requirements for unreasonable hardship exceptions).

b.     An "exemption" from such requirements (which requires ratification through an appeals process).

c.     The building department could not have lawfully granted an unreasonable hardship exception ("UHE") excusing it from performing its path of travel obligations, because this form of exception does not apply to new construction.

d.     Per the restrictions for granting this exception, this last statement is true for at least the following reasons:

e.     As new construction in 1985, these areas did not qualify for a UHE.

f.     For the same reason, it did not qualify for an exception under the ENR ceiling in effect at the time of work.

73.  For each alleged access violation listed herein at Exhibit 1, there are no scoping or occupancy-specific exemptions available to hotels under state or federal law, i.e., that would reduce these obligations or excuse making them compliant.

a.     Under both Title 24 and federal law, the general site arrival and accessible route obligations are found among the chapters imposing general requirements, and thus they apply

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

− 24 −

TOC

1   to all types of facilities unless reduced or exempted by scoping or occupancy. (See, e.g.,

2   generally, 89-CBC at § 611(a), Interpretive Note ("The general requirements section covers

3   items which are common to all buildings including, parking, entrances, doorways, restrooms.

4   etc. These general items must be provided in all buildings which are required to be accessible

5   by these regulations"); 16-CBC and clarification of this form of application found at

6   §§ 11B-201.1, 11B-301.1; 11B-401.1; & 11B-501.1; and same under ADAS at §§ 201.1, 301.1;

7   401.1; 501.1, & DOJ Advisory 201.1 (providing that requirements apply to all areas of a facility

8   "unless exempted, or where scoping limits..").

9       b.      Neither Title 24 nor federal code provide hotels a scoping-specific- or

10  occupancy-specific-exemption that would limit, reduce, or excuse defendants from performing

11  the obligations set forth herein. (See 01-CBC § 1111B.1 and § 1111B.4 (Group R, requiring at

12  the former that accessibility be provided in all public use and common areas); 16-CBC

13  § 11B-224 (re hotel scoping, providing no scoping restriction applicable to parking for hotels);

14  and ADAS § 224 (same).

15  74.  There are no other defenses or legal entitlements that would excuse defendants from

16  performing these obligations.

17  75.  In additional to the general requirements imposed by state and federal accessibility

18  codes, and those imposed by the state for Group R occupancies, this business must meet

19  additional the requirements for other occupancies housed within it, including, but not limited to,

20  Groups A, B & M.

21  76.  Because accessibility codes have changed over the years while defendants neglected to

22  correct their construction access violations, particularly those triggered by the various

23  remodeling projects detailed at paragraph 62 and summarized at paragraph 63, any work they

24  now undertake to correct these violations will also have to meet any heightened requirements

25  imposed by the modern state and federal codes applicable to the work conducted in the original

26  areas of alteration, i.e., in accordance to the modern requirements now imposed by the 2019

27  California Building Code ("19-CBC") and 2010 Americans with Disability Act Standards ("ADAS").[3]

28

---

[3]   See, e.g., 10-ADAS §§ 202.3 & 202.4; 16-CBC §§ 11B-202.3 & 11B-202.4; Cf. *Shelby Realty Company v. City of San Buena Ventura*, 10 Cal.3d 110, 125 (1973) (court "will apply the law in existence at the time of its decision").)

Complaint for Equitable Relief and Damages:

— 25 —

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

77.   Consequently, for each of the violations that are noted hereinbelow, plaintiff will cite to the obligations imposed by modern code requirements.

**L.   Standing.**

78.   Plaintiff utilized the subject facilities of the hotel, as well as the public facilities, during the period on or about November 30 through December 2, 2020.  Also, on December 1, 20202 she visited the Dos Victorias restaurant to purchase a meal. All barriers she encountered as alleged herein were within this timeframe and shall be referred to as her "*encounter*."

79.   Before her stay, Defendants and their website had represented to plaintiff that their facilities were "*accessible*" and plaintiff reasonably relied upon these representations, to her damage, per the conditions outlined in Exhibit 1.

80.   While staying at the hotel, plaintiff injury herself her hip while using the public sidewalk and when her encountering the steep slopes of the drive apron.

81.   In her room, plaintiff was unable to use the inaccessible shower and was forced to bathe in the sink. She further injured her arm and elbow when trying to use the inaccessible toilet.

82.   By her current knowledge of the inaccessible conditions of the hotel, she was also deterred from returning to the hotel to rent a room and utilize its facilities, which, so far, was on or about the following dates: December 28-30, 2020; June 9-11, 2021; January 18-20, 2022; April 18-21, 2022, and August 23-26, 2022.

83.   She is aware that the identified barriers are pervasive and encompass the entire hotel and Monterey Plaza Hotel & Spa and as detailed at Exhibit 1, and also include the identified public facilities as well as the steps and public restrooms serving the Dos Victorias Building.

84.   She understands the state and federal codes require full and equal access to goods, services, advantages, and accommodations.

85.   The subject barriers and practices inhibit Moralez from enjoying full and equal access.

86.   They violate state and federal codes protecting disabled access.

87.   As of this filing, nearly all conditions have not changed.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

1  88.  Consequently, they continue to deny her and wheelchair users their basic rights.

2  89.  She has both Article III and prudential standing to seek the specified relief, which is

3  established by the following:

4  a.  She has suffered actual injury, which continues through this filing.

5  b.  As set forth herein, she was injured and damaged on the dates specified in

6  paragraphs 78 thru 80.

7  c.  All barrier removals and policy changes that she seeks relate to her specific

8  disabilities as set forth in para. 15 through 27. She encountered all such conditions and/or is

9  deterred from returning by her current knowledge of their existence.

10  d.  As further set forth in the list of barrier and policy conditions at Exhibit 1, these

11  conditions are restricted to those that affect her:

12  (i)  Use of a wheelchair;

13  (ii)  Urinary track issues;

14  (iii) Diminished strength, grasping, stamina, and reach abilities.

15  e.  Within the last three years she suffered the discrimination described herein.

16  f.  She has an established history of visits to Monterey of approximately once every

17  six months.

18  g.  She utilizes and stays in the area for access to is shopping, sightseeing, and

19  other local attractions.

20  h.  Due to this interest, proximity, convenience, and other factors, she has an

21  extremely high probability of returning to this hotel when made accessible.

22  i.  She thus reasonably expects the need to return when the site is made accessible

23  on a yearly to bi-yearly basis.

24  j.  She is aware and/or experienced each of the described barrier and policy

25  conditions.

26  k.  She has made herself generally knowledgeable about her civil rights.

27  l.  She has bothered to make herself aware of the hotel's construction history as

28  detailed in paragraphs 62 and 63.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 27 –
TOC

m.   She has also made herself generally aware of defendants' legal obligations.

n.   For the foreseeable future, she is likely to be deterred by her knowledge of these conditions from returning, particularly by the hotel's guestroom facilities.

o.   She thus has reasonable grounds to fear she is about to be subjected to discrimination.

p.   And to believe that she is both aggrieved and potentially aggrieved.

q.   The site's correction will immediately enable her to return and enjoy the hotel on a full and equal basis, including the subject site arrival facilities, lobby facilities, plaza, balcony, and viewing facilities, public restroom facilities, conference facilities, restaurant, bar, retail and business center facilities, guestroom facilities, spa facilities, and other amenities.

r.   When corrected, she plans to return to use those portions that currently deter her.

s.   She has invested substantial money and time to research obligations.

t.   For the foregoing reasons, she has injuries that continue to be redressable.

u.   She will therefore benefit from the injunction sought.

90.   Herein, she seeks to protect and fully enforce the public interest and will place such interest ahead of her own.

## M.  Damages

91.   The subject barriers and policies act to deny Moralez the full and equal opportunity guaranteed to her at law, as well as full integration into the hotel's programs and services, as well as those relevant to the Dos Victorias Building and the government's subject public facilities.

92.   On information, each of the defendants continue to violate the rights of wheelchairs users.

93.   As a result, she has been required to incur legal expenses and attorney fees.

94.   These have been incurred to enforce her rights and to enforce the law.

95.   Her efforts also seek to protect access for persons using wheelchairs.

96.   Her efforts thus justify "public interest" attorneys' fees.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 28 –
TOC

97.  Because on the dates specified in para. 78 and 80 the inaccessibility of the subject site arrival facilities, lobby facilities, bar and restaurant facilities, recreational facilities, guestroom facilities, and other facilities, services and amenities, Moralez was unable to use them on a full and equal basis and suffered discrimination.

98.  Defendants' subject "Violations" (as described in Exhibit 1), and their denial of facilities that are readily accessible and usable by her, have caused her both injury and distress, to her general damage, as also described therein.  More specifically, she suffered:

    a.   Denial of her civil rights

    b.   Embarrassment

    c.   Humiliation

    d.   Physical and bodily injury, and

    e.   Serious emotional distress.

99.  On the occasion of both of her visits, Plaintiff suffered severe and significant injury to forearms and hands due to the heavy door pressure in her hotel room as well as the conditions noted affecting transfer at the toilet and shower.

100. Her damages are those normally and naturally associated with violation of one's civil rights.

101. She seeks actual damages for each offense, and strictly on a per-incident of deterrence and per-offense basis.

102. She also seeks damages for each date of deterrence, and subject to proof at time of trial.

103. Her claim for damages is limited to all dates of use and deterrence to the hotel occurring within three years of the date of this filing, per CCP Section 338(a). (See ¶79.) [4]

104. Alternatively, she seeks $4,000 per offense and deterrence, subject to proof, per Civil §52(a).

105. Alternatively, she seeks $1,000 per offense and deterrence, subject to proof, per §54.3(a).

---

[4]  See, West Shield Investigations and Sec. Consultants v. Superior Court (2000) 82 Cal.App.4th 935; and Gatto v. County of Sonoma (2002) 98 Cal.App.4th 744, 754.

Timesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

106. She will also seek an enhancement under Code Civ.Proc. §1021.5.

107. Since defendants' actions violated statutory protections, they are negligence per se.

## N.  Violations.

108. To resolve plaintiff's injunctive and declaratory relief claims concerning the accessibility of the hotel's facilities and services for individuals using wheelchairs and having reach and grasping disabilities like plaintiff, she requests an order requiring defendants to perform the structural work and policy changes set forth in Exhibit 1 so as to bring to bring this  public accommodation and its facilities into full compliance with the code, and an order declaring conclusions of fact and law as set out in Exhibit 1, which is hereby incorporated by reference as if fully restated hereafter as a part of paragraph 106.

109. All the identifications made in Exhibit 1 are without prejudice to plaintiff citing additional structural and policy conditions after a formal inspection by plaintiff's access consultant, per the 9th Circuit's standing standards under <u>Doran v. 7-Eleven, Inc</u>., 524 F.3d 1034 (9th Cir. 2008); <u>Chapman v. Pier One Imports (USA), Inc</u>., 631 F.3d 939 (9th Cir. 2011); and <u>Oliver v. Ralphs Grocery Co</u>., 654 F.3d 903 (9th Cir. 2011).

## O.  Causes of Action

### I.

### Title III of the Americans with Disabilities Act

### Count 1

### (Against Only Private Hotel Defendants)

110. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

111. This cause of action is applicable to the hotel defendants.

112. It is under Title III of the ADA, 42 USC §§ 12101ff.

113. Title III covers structural obligations imposed by various provisions of law, including:

114. The Americans with Disabilities Act Accessibility Guidelines (ADAAG);

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

1    115.The Americans with Disabilities Act Standards (ADAS); and

2    116.Part III of the Department of Justice implementing regulations, 28 CFR Part 36.

3    117.The hotel's various facilities each qualify as public accommodations.

4    118.Under this title, each of the defendants qualify as an owner, operator, lessor or lessee.

5    119.Under this title, each of the defendants also qualify as controller or manager.

6    120.Public accommodations provide proper structural facilities but must also ensure

7    equality of its services. To address this concern, the ADA contains an array of requirements

8    designed to ensure public accommodations take the proper steps to achieve full equality and

9    integration when providing services, including:

10          a.      By requiring provision of benefits and services to customers with disabilities on

11    an equal and integrated basis unless utilization of differences and separation are essential to

12    affording these benefits and service. See 42 USC 12182 at subs. (b)(1)(A)(i)-(iv), and (B)-(C). [5]

13          b.      By requiring that public accommodation ensure its "*contractual, licensing, or*

14    *other arrangements*" do not serve to deny this equality and integration. (Id.)

15          c.      By requiring public accommodation (PA) to take "*necessary steps*" to ensure

16    equality. Id. at § (b)(2)(A)(i).

17          d.      Similarly, and somewhat related to these programmatic obligations, if a public

18    accommodation that can demonstrate that a barrier removal is not readily achievable, by

19    requiring it to provide its services through "*alternative methods*" if such methods are readily

20    achievable. 42 USC 12182 at §§ (b)(2)(A)(v).

21          e.      By requiring the public accommodation must work to maintain in operable

22    working condition those features of facilities and equipment that are required to be readily

23    accessible to and usable by persons with disabilities by the Act or this part. DOJ Title III Regs at

24    28 CFR 36.211.

25          f.      Finally, when necessary to affording them benefits and services, by requiring the

26    public accommodation to "*modify policies practices and procedures,*" and unless it can

27

28

---

[5]    More broadly under the statute, the requirement of equality extends to "*goods, services, facilities, privileges, advantages, and accommodations.*" See 42 USC 12182(b)(1)(A)(i).

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

demonstrate that making the modifications would "fundamentally" alter the nature of its benefits and services. Id. at § (ii).

    g.    Shorthand. Because the foregoing requirements usually all involve proper employee training, the Complaint at paragraph III.J.106 shall refer this array of requirements as (PPP) requirements.

121. Defendants' current policies, practices, and procedures (in Group 1 of Exhibit 1) discriminate against persons who use wheelchairs.

122. They deny Moralez her right to full and equal enjoyment of the facilities and services.

123. They may be reasonably modified without much difficulty or expense.

124. Such modification is necessary to afford persons using wheelchairs with Monterey Plaza Hotel & Spa's lodging services and facilities.

125. Defendants' failure to make such modification thus violates 42 USC 12182(b)(1)(A)(i).

126. The current practices concerning maintenance and lodging arrangements is unreasonable.

127. The foregoing current practices deny full participation in violation of §12812(b)(1)(A).

128. They also cause participation in an unequal benefit in violation of §12812(b)(1)(B).

129. They also cause her and others to receive different benefits in violation of §12812(b)(1)(C).

130. At all times after January 25, 1992, the specific conditions identified herein in the subparagraphs of III.J.106 as being a "programmatic claim" were:

    a.    Capable of removal without much difficulty or expense, per 12182(b)(2)(A)(iv);

    b.    And where they are not so, mitigatable through reasonable modifications under Id., subs. (ii);

    c.    Was part of a newly constructed area, per § 12183(a)(1);

    d.    Was part of an "altered" area, per § 12183(a)(2); and/or

    e.    Impacted an area of "primary function" and "path of travel" obligations, per Id.

131. Each of the conditions identified in the Exhibit 1 deny plaintiff facilities that are readily accessible and usable.

Thimesch Law Offices
4413 Prairie Willow Ct.
Concord, CA 94521-4440
(925) 588-0401

132. The conditions therefore discriminate against her because of her disabilities

133. Moralez is entitled to the remedies and procedures set forth in 42 USC 2000a-3(a).

134. She seeks an injunction, per § 12188(a)(1) thru (2).

135. She seeks an award of reasonable attorney's fees, litigation expenses and costs, per § 12205.

136. This request additionally seeks the expense of experts and consultants, per 28 CFR 36.505.

Wherefore, she prays that this court grant relief as hereinafter stated.

## Count 2

### (Against Only the Dos Victorias Defendants)

137. The various facilities of the Dos Victorias Building each qualify as public accommodations.

138. Moralez incorporates, as if fully set forth hereafter, the balance of allegations at ¶¶ 1 thru the preceding-numbered paragraph (but excluding any irrelevant allegations that related strictly to the nature of the hotel and its construction history as well as those related the nature of the public facilities and their construction history), and realleges them with respect to the Dos Victorias defendants and strictly with regard to the claims at Exhibit 1, Item No. 6.81 on page 17, and item 9.102 (stairlift) on page 29 (first-floor public restrooms).

Wherefore, she prays that this court grant relief as hereinafter stated.

## II.

## Health & Safety 19955 et seq.

## Count 1

### (Against Only the Private Hotel Defendants)

139. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the immediately preceding last-numbered paragraph.

140. Because of her standing (see ¶¶ 78 - 88), she is both aggrieved and potentially

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 33 –
TOC

1    aggrieved.

2        141. This cause of action is applicable to the private-named defendants.

3        142. Defendants' businesses are public accommodations and facilities, per §19955(a).

4        143. They are comprised of buildings, structures, facilities, complexes, or improved areas.

5        144. They are open and available to the public.

6        145. They have sanitary facilities that are made available to the public, clients, and

7    employees.

8        146. The guestrooms, restrooms and other facilities are a fundamental part of defendants'

9    facilities.

10       147. Without these facilities, wheelchair users are denied fundamental access to such

11   facilities.

12       148. Hence, defendants deny such users access to an unreasonable portion of their facilities.

13       149. Under §§ 19955 et seq., she seeks correction of each structural item listed in the

14   subparagraphs of III.J.106.

15       150. Per Section III. F. at ¶¶ 57 through 77, supra, construction work has triggered such

16   obligations under § 19956, and without there being a viable defense, and whether documented

17   or otherwise within the building department files.

18       151. Such work obligated compliance with Chapter of the Government Code, §§ 4450 et seq.

19       152. Such work obligated compliance with the regulations of the ASA and/or the later

20   Title 24.

21       153. Defendants' facilities fail to meet those obligations, as outlined within the

22   subparagraphs of III.J.106.

23       154. She seeks an injunction as well as an award of reasonable attorney's fees per § 19953.

24       155. She seeks an award of attorney's fees and an enhancement under CCP § 1021.5.

25       Wherefore, she prays that this court grant this and the other relief set forth in the prayer.

26

27

28

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 34 –

TOC

1

Count 2

2

(Against Only the Dos Victorias Defendants)

3      156. The various facilities of the Dos Victorias Building each qualify as public

4  accommodations.

5      157. Moralez incorporates, as if fully set forth hereafter, the allegations at ¶¶ 1 thru the

6  preceding-numbered paragraph (but excluding any irrelevant allegations that related strictly to

7  the nature of the hotel and its construction history as well as those related the nature of the

8  public facilities and their construction history), and realleges them with respect to the Dos

9  Victorias defendants and strictly with regard to the claims at Exhibit 1, Item No. 6.81 on page 17,

10  and item 9.102 (stairlift) on page 29 (first-floor public restrooms).

11      Wherefore, she prays that this court grant relief as hereinafter stated.

12

13

III.

14

Disabled Rights Acts, Civil Code §§ 54 et seq.

15

Count 1

16

(Against Only the Private Hotel Defendants)

17      158. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru

18  the preceding-numbered paragraph.

19      159. The hotel and its businesses are each a public accommodation, per Civil Code § 54.1.

20      160. They each also meet the broad categorization of covered-business types listed in § 54.1.

21      161. Civil Code §§ 54 et seq. is referred to as the California Disabled Rights Act (CDRA).

22      162. The CDRA covers structural obligations imposed by other law.

23      163. She therefore incorporates in full the second cause of action.

24      164. She also seeks to remedy policy violations, i.e., if this is necessary to guarantee physical

25  access.[6]

26      165. Defendants' facilities fail to meet those obligations, as outlined within the

27  subparagraphs of III.J.106.

28

---

[6]  *Turner v. Ass'n of Am. Med. Colleges*, 167 Cal.App.4th 1401, 1412, 85 Cal.Rptr.3d 94, 104 (2008), <u>as modified</u>.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

166. Defendants' acts and omissions outlined herein violate her rights under the CDRA.

167. Defendants' violations of the ADA also constitute violations of the CDRA, per 54.1(d).

168. Accordingly, the first cause of action hereinabove is reincorporated as if separately repled.

169. Defendants' facilities fail to meet those obligations, as outlined within the subparagraphs of III.J.106.

170. Additionally, policies that Act to Deny Physical Access. See also, _Turner v. Ass'n of Am. Med. Colleges_, 167 Cal.App.4th 1401, 1412, 85 Cal.Rptr.3d 94, 104 (2008), as modified (recognizing a remedy under state law against policy discrimination that serves to deny physical access).

171. Defendants' current policies, practices and procedures (as outlined within the subparagraphs of III.J.106) discriminate against persons who use wheelchairs.

172. She has been denied her rights under both the CDRA and ADA as outlined herein

173. As a result, she has suffered damages, and seeks relief, as set forth at section III., I. at ¶¶ 89 through 105.

174. She seeks additionally seeks an award of treble damages per Civil Code § 54.3.

175. She seeks an award of reasonable attorney's fees and costs per Id.

176. She also seeks an injunction as well as an award of reasonable attorney's fees per § 55.

177. She seeks an award of attorney's fees and an enhancement under §1021.5.

Wherefore, she prays that this court grant this and the other relief set forth in the prayer.

## Count 2

### (Against Only the Dos Victorias Defendants)

178. The various facilities of the Dos Victorias Building each qualify as public accommodations.

179. Moralez incorporates, as if fully set forth hereafter, the allegations at ¶¶ 1 thru the preceding-numbered paragraph (but excluding any irrelevant allegations that related strictly to the nature of the hotel and its construction history as well as those related the nature of the

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

1   public facilities and their construction history), and realleges them with respect to the Dos

2   Victorias defendants and strictly with regard to the claims at Exhibit 1, Item No. 6.81 on page 17,

3   and item 9.102 (stairlift) on page 29 (first-floor public restrooms).

4       Wherefore, she prays that this court grant relief as hereinafter stated.

5

6   IV.

7   Unruh Civil Rights Acts, Civil Code §§ 51 et seq.

8   Count 1

9   (Against Only the Private Hotel Defendants)

10       180.Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru

11   the preceding-numbered paragraph.

12       181.This cause of action is applicable to the named-private defendants.

13       182.The Monterey Plaza Hotel & Spa, as well as the hotel in general, each meet the broad

14   categorization of covered-business types listed in § 51(f).

15       183.Civil Code §§ 51 is referred to as the Unruh Civil Rights Act (Unruh).

16       184.Unruh covers structural obligations imposed by other provisions of law, such as Title 24.

17       185.She therefore incorporates in full the second cause of action.

18       186.She also remedies policy breaches that are necessary to guarantee physical access.

19       187.Defendants' facilities fail to meet those obligations, as outlined within the

20   subparagraphs of III.J.106.

21       188.Defendants' acts and omissions outlined herein violate her rights under Unruh.

22       189.Defendants' violations of the ADA also constitute violations of Unruh, per § 51(h).

23       190.She has been denied her rights under both Unruh and the ADA as outlined herein.

24       191.Defendants' facilities fail to meet those obligations, as outlined within the

25   subparagraphs of III.J.106.

26       192.Additionally, policies that Act to Deny Physical Access. See also, *Turner v. Ass'n of Am.*

27   *Med. Colleges*, 167 Cal.App.4th 1401, 1412, 85 Cal.Rptr.3d 94, 104 (2008), as modified

28   (recognizing a remedy under state law against policy discrimination that serves to deny physical

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

1    access).

2        193. Accordingly, the first cause of action hereinabove is reincorporated as if separately

3    repled.

4        194. As a result, she has suffered damages, and seeks relief, as set forth at ¶¶ 89 through

5    105.

6        195. She seeks additionally seeks an award of treble damages per Civil Code § 52(a).

7        196. She seeks an award of reasonable attorney's fees and costs per Id.

8        197. She also seeks an injunction per common law applicable to Unruh.

9        198. She seeks an award of attorney's fees and an enhancement under §1021.5.

10       Wherefore, she prays that this court grant this and the other relief set forth in the prayer.

11

12                                   **Count 2**

13                    **(Against Only the Dos Victorias Defendants)**

14       199. The various facilities of the Dos Victorias Building each qualify as public

15   accommodations.

16       200. Moralez incorporates, as if fully set forth hereafter, the allegations at ¶¶ 1 thru the

17   preceding-numbered paragraph (but excluding any irrelevant allegations that related strictly to

18   the nature of the hotel and its construction history as well as those related the nature of the

19   public facilities and their construction history), and realleges them with respect to the Dos

20   Victorias defendants and strictly with regard to the claims at Exhibit 1, Item No. 6.81 on page 17,

21   and item 9.102 (stairlift) on page 29 (first-floor public restrooms).

22       Wherefore, she prays that this court grant relief as hereinafter stated.

23

24                                        V.

25                      **Government Code Section 12948**

26                    **(Against Only the Private Hotel Defendants)**

27       201. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru

28   the preceding-numbered paragraph.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:                                    – 38 –
                                                                                TOC

202. This cause of action is applicable to the private hotel defendants.

203. A violation of the CDRA or Unruh entitles violates Government Code § 12948.

204. She therefore incorporates in full the fourth and fifth cause of action.

205. Defendants' facilities fail to meet those obligations, as outlined within the subparagraphs of III.J.106.

206. She therefore seeks alternatively under this statute:

    a.    Injunctive relief;

    b.    Statutory and compensatory damages;

    c.    Punitive damages pursuant to Civil Code § 3294; and

    d.    Attorney's fees, litigation expenses and costs.

Wherefore, she prays that the Court grant relief as requested herein below.


# VI.

## Negligence per se

### (Against Only the Private Hotel Defendants)

207. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

208. This cause of action is applicable to the private hotel defendants.

209. Irrespective of the statutory requirements, defendants were negligent in their actions.

210. Because this negligence violated statutory protections, it constitutes negligence per se.

211. Such negligence proximately caused injury to her, including stress, suffering, and strain.

212. The negligence was done with complete indifference of the probable result.

213. She therefore alternatively seeks:

    a.    Compensatory damages;

    b.    Punitive damages pursuant to Civil Code § 3294.

Wherefore, she prays that the court grant relief as requested herein below.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

− 39 −
TOC

1

VII.

2

Declaratory Relief

3

(Against Only the Private Hotel Defendants)

4      214. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru

5      the preceding-numbered paragraph.

6      215. This cause of action is applicable to the private hotel defendants.

7      216. A present and actual controversy exists.

8      217. It relates to:

9            a.      To establishing the respective rights and obligations between her and

10     defendants.

11           b.      Whether construction has impressed obligations upon the property.

12           c.      Whether they are impressed irrespective of past or future ownership.

13           d.      Whether because of past construction, each condition (within the

14     subparagraphs of III.J.106) is an illegal non-conformance under the state and/or federal codes.

15           e.      Whether the non-conformance results in facilities that are not readily accessible

16     to and usable by plaintiff and others similarly situated.

17           f.      Whether non-conformities therefore discriminate against individuals because of

18     their disabilities.

19           g.      Finally, whether the relief ordered by the court in relation to all causes of action

20     fully vindicates attendant civil rights.

21     218. She requests a judicial determination by declaration of such rights and such obligations.

22     219. Such a declaration is necessary and appropriate so that the parties may ascertain their

23     rights.

24     220. It will also prevent further harm or infringement of her civil rights.

25           Wherefore, she prays the court grant relief as requested herein below.

26

27

28

Complaint for Equitable Relief and Damages:

VIII.

Business & Professions Code § 17200 and 17500 et seq.

(Against Only the Private Hotel Defendants)

221. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

222. This cause of action is applicable to the private hotel defendants.

223. Section 17200 is part of the Unfair Business Practices Act.

224. The act defines the practices that constitute unfair business competition.

225. They include any "unfair," "unlawful," or "fraudulent" business act or practice.

226. As remedies, the Act provides for injunctive relief, restitution, and disgorgement of profits.

227. The unlawful, unfair, and fraudulent business acts and practices are as described herein.

228. Such practices violate the declared legislative policies as set forth by state and federal law.

229. Particularly, they include, but are not limited to, those detailed at within the subparagraphs of III.J.106.

230. She and other persons similarly situated have been damaged by said practices.

231. She has lost money and property due to defendants' conduct.

232. She seeks relief §§ 17200 and 17203.

Wherefore, she prays the court grant relief as requested herein below.

IX.

Fraud

(Against Only the Private Hotel Defendants)

233. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

234. This cause of action is applicable to the named-private defendants.

235. The events and allegations against defendants above described, including but not

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

limited to the misrepresentations and facts described above in paragraph 79, constituted a fraud committed against Moralez who patronized the hotel and its facilities as a result of reliance on defendants' representations.

236. She did not know defendants' misrepresentations were false and could not have discovered with reasonable diligence or other means that they were false.

237. She suffered denial of her Civil Rights, and personal physical, mental and emotional distress as above alleged and described, as a proximate result of this fraud.

238. She seeks recovery of all special and general damages, all attorneys' fees incurred as a result of defendants' fraud, and recovery of punitive damages pursuant to Section 3294 Civil Code, for the fraudulent, oppressive, and malicious acts of defendants, according to proof.

Wherefore, she prays the court grant relief as requested herein below.

# X.

## Title II of the Americans with Disabilities Act

### (Against Only the Government Defendants)

239. Moralez incorporates, as if fully set forth hereafter, the factual allegations at ¶¶ 1 thru the preceding-numbered paragraph.

240. This cause of action is applicable to City and relates strictly to the claims at Exhibit 1, p. 5 at ¶ 2.35 thru p. 7 at ¶ 2.58 (i.e., public sidewalks, curb ramps, and the steps at San Carlos Plaza Park).

241. On information and belief, the Government Defendants own or control each of these areas, and they were constructed pursuant to government program.

242. On information belief, Government Defendants violated the ADA after its effective date by failing to construct and alter this area such that the governmental facilities are readily accessible to and usable by plaintiff and other persons with disabilities.

243. The lack of a vertical means of access at the subject 3-Minute Loading Zone forces persons like plaintiff using wheelchairs into traffic find a curb ramp at the intersection at a drive apron or at a curb ramp the end of the street. Similarly, the absence of vertical access at the

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 42 –

TOC

park, and the steep cross-slopes along the subject public sidewalks, serve to exclude plaintiff from using these facilities to access the park, beach, and parking ramp. On information and belief, it is either impossible for the Government Defendants to provide these services by alternative means and/or it fails to do so.

244. The federal regulations promulgated to enforce the ADA require that each new facility or part of a facility constructed or altered after January 26, 1992, conform to the ADA Accessibility Guidelines for Buildings and Facilities ("ADAAG") or the Uniform Federal Accessibility Standards ("UFAS"). 28 C.F.R. § 35.151.

245. The obligation of accessibility for alterations does not allow for non-compliance based upon undue burden. Kinney v. Yerusalim, 9 F.3d 1067, 1071 (3rd Cir. 1993).

246. Specifically, 28 C.F.R. section 35.151(e) states: "Newly constructed or altered streets, roads, and highways must contain curb ramps or other sloped areas at any intersection having curbs or other barriers to entry from a street level pedestrian walkway."

247. Street resurfacing projects of Cannery Row, which included resurfacing the hotel's adjoining passenger loading zone, are an alteration within the meaning of 28 C.F.R. § 35.151(e), and that the Government Defendants were, therefore, required to ensure that fully accessible curb ramps were installed in those areas where the resurfacing occurred. Kinney v. Yerusalim, supra, 9 F.3d at 1073-1074 (3rdCir.1993); see also, Kinney v. Yerusalim, 812 F. Supp. 547 (E.D.Pa.1993); and Jones v. White, 2006 U.S. Dist. Lexis 61605 p. 70-71 (S.D.Tex.2006).

248. The Government Defendants have failed, in violation of Title II, to ensure that the subject governmental facilities provide equal services, programs and activities to individuals with physical disabilities, and/or that they don't serve to exclude such individuals.

249. Plaintiff was excluded from participation in or denied the equal benefits of Government Defendants' services, programs, or activities or was otherwise discriminated against by Government Defendants as a result of its failure to construct access from this street level pedestrian walkway.

250. Simply put, because of the Government Defendants' failure to construct accessible facilities, she is being denied the ability to easily access to the subject government and

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 43 –
TOC

commercial areas at the south end of Cannery Row, including its loading zones, curb ramps, crosswalks, sidewalks, and parks, and thereby is denied the ability to become a self-reliant member of the community.

251. On information and belief, to the date of filing of the original complaint, the Government Defendants have failed to make any of their facilities complained of and described herein properly accessible to and usable by physically disabled persons, as required by law.

252. Such discrimination against plaintiff is by reason of her disability in that she is unable to use the subject streets and sidewalks easily and safely, and because of the Government Defendants' creation of physical obstacles that she cannot easily and safely overcome in his wheelchair.

253. Plaintiff is entitled to the protections of the "Public Services" provisions of Title II of the Americans with Disabilities Act of 1990 (hereinafter referred to alternatively as the "ADA").

254. As a direct result of this discrimination, which is in violation of section 202 of the ADA, plaintiff is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by section 203 of the ADA, including injunctive relief and damages for violation of their Civil Rights, as previously plead.

255. Pursuant to 42 U.S.C. section 12132, section 202 of Title II, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

256. Government Defendants are each a public entity or agent who implemented the services for such agencies.

257. Under Title II, governmental entities were required by the compliance deadline of January 26, 1992, to perform a self-evaluation and implement a "transition plan," either bringing their facilities into compliance with the ADA accessibility guidelines or altering their programs to compensate for the accessibility deficiencies discovered in the ADA self-evaluation process.

258. The failure to have or implement a full transition plan taking into account this facility as a government service is an evidentiary factor that the Court may evaluate in determining

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 44 –

TOC

whether Governmental Defendants have met their Title II obligations.

259. For trial and/or appellate purposes in this case, plaintiff reserves the right to challenge various district court precedents finding disabled citizens lack a cause of action against the failure of a government entity to have or implement a transition plan.

260. Removal of barriers and provision of access is further required under section 504 of the Rehabilitation Act of 1973 for all recipients of federal financial assistance used to fund the operations of the City and its other facilities, and under section 11135 Government Code for the receipt of similar state funding.

261. The Government Defendants have failed, in violation of Title II, to ensure that individuals with physical disabilities, such as Plaintiff, are not excluded from services, programs and activities related to the public facilities as set forth in Exhibit 1, p. 5 at ¶ 2.35 thru p. 7 at ¶ 2.58.

262. As a result of such discrimination, in violation of section 202 of the ADA, plaintiff Moralez is entitled to the remedies, procedures and rights set forth in section 505 of the Rehabilitation Act of 1973 (29 U.S.C. §794a), as provided by section 203 of the ADA, including injunctive relief and damages for violation of their Civil Rights, as previously plead.

263. On information and belief, to the date of filing of the original complaint, the Government Defendants have failed to make any of their facilities complained of and described herein properly accessible to and usable by physically disabled persons, as required by law.

264. Plaintiff Moralez requests appropriate damages according to proof for her complained of experience during her visit of facilities the South end of Cannery Row when using the non-compliant public pedestrian routes for aggress, as well as for litigation expenses and costs, and reasonable attorneys' fees as provided by law.

265. Moralez is further informed and believes that the Government Defendants have failed to rectify this facility as a matter of deliberate indifference.

266. Plaintiff requests that an injunction be ordered Government Defendants to make this facility accessible to and usable by individuals with disabilities.

267. Wherefore, she prays the court grant relief as requested herein below.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 45 –
TOC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

XI.

### Section 504 of the Rehabilitation Act of 1973

### (Against Only the Government Defendants)

268. Moralez repleads and incorporates by reference, as if fully set forth again herein, the factual allegations contained in paragraphs 1 through the preceding-numbered paragraph of this complaint and incorporate them herein as if separately repled.

269. This cause of action is applicable to Government Defendants and relates strictly to the claims at Exhibit 1, p. 5 at ¶ 2.35 thru p. 7 at ¶ 2.58.

270. Moralez is informed and believes and therefore alleges that at all relevant times, City or one of its coordinated agencies is a recipient of federal financial assistance and state funding.

271. When viewed as a whole, the Government Defendants' program for this type of facility fails to provide reasonable access.

272. Here, the lack of a vertical means of access between the two walking surfaces is hazardous as it maroons the user in the street, forcing them into traffic to find a curb ramp at the intersection at the end of the street. On information and belief, it is either impossible for the Government Defendants to provide this service by alternative means and/or it fails to do so.

273. By its actions and/or inactions in denying disabled accessible on the subject route serving the public right of way, Government Defendants have violated Plaintiff's rights under section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794, and the regulations promulgated thereunder, the Uniform Federal Accessibility Standards ("UFAS").

274. Liability under section 504 no longer requires proof that Government Defendants used federal funds directly upon the subject newly constructed or altered facilities. Here, on information and belief, the Government Defendants are liable for failing to make the subject facility accessible at the time of new construction and/or subsequent alteration.

275. Since the time of the Civil Rights Restoration Act of 1987, "*program or activity*" now includes all the covered entity's "programs or operations."

276. On information and belief, the division or agency of the Government Defendants that received the federal assistance is structurally related to the Government Defendant agency of

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 46 –
TOC

1   division that administers the subject program related to passenger drop-off and loading zones.

2   277. Whether or not any of the Utility defendants receives federal funding is a fact peculiarly

3   within the possession and control of those defendants, and discernable during disclosures or

4   discovery.

5   278. Moralez seeks damages related to the dates of her visit and attempted use of these

6   facilities as well as for subsequent dates of *deterrence*.

7   279. The design and programmatic violations detailed herein at Exhibit 1, p. 5 at ¶ 2.35 thru

8   p. 7 at ¶ 2.58 discriminate against plaintiff on account of her disability.

9   280. She seeks injunctive relief ordering Government Defendants to correct these access

10   deficiencies.

11   281. She seeks an award of reasonable statutory attorney's fees and costs.

12   282. Wherefore, Plaintiff prays that the Court grant relief as requested hereinbelow.

13

14

15   XII.

16   Violation of Government Code §§ 4450 et seq. and § 11135

17   (Against Only the Government Defendants)

18   283. Moralez repleads and incorporates by reference, as if fully set forth again herein, the

19   allegations contained in Paragraphs 1 thru the preceding-numbered paragraph of this complaint

20   and incorporate them herein as if separately repled.

21   284. This cause of action is applicable to Government Defendants and relates strictly to the

22   claims at Exhibit 1, p. 5 at ¶ 2.35 thru p. 7 at ¶ 2.58.

23   285. She is informed and believes and therefore alleges that the facilities identified in this

24   paragraph were built, maintained, or leased with public funds, or grants, credits, and other

25   funding measures.

26   286. She is further informed and believes and therefore alleges that Government Defendants

27   and their predecessors in interest have since on or after June 6, 1968, constructed, altered, or

28   repaired these facilities within the meaning of California Government Code sections 4450 and

4451, thereby requiring provision of access to persons with disabilities, as required by law.

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

– 47 –
TOC

287. Further, since January 1, 1982, construction or alteration at such facilities also triggered access requirements pursuant to section 4456 Government Code and Title 24 of the California Code of Regulations.

288. She seeks injunctive relief under section 19953 Health & Safety Code (governing enforcement of actions under sections 4450ff Government Code), and recovery of reasonable attorneys' fees and costs.

289. Liability under Section 11135 includes a failure to "meet the protections and prohibitions contained in Section 202 of the federal Americans with Disabilities Act of 1990 (42 U.S.C. Sec. 12132), and the federal rules and regulations adopted in implementation thereof." Accordingly, Plaintiff incorporates the allegations of the tenth cause of action, supra, under Title II.

290. Pursuant to recent amendments of section 11135, a civil action for injunctive relief is also available to remedy violations.

Wherefore, she prays that this Court grant relief as requested hereinbelow.

P.    <u>Prayer for Relief</u>

Moralez prays that this court award damages and provide relief as follows:

291. Per each of the requests made in in paragraph 106 and at Exhibit 1, grant injunctive relief against defendants and their successors-in-interest ordering:

a.    Renovation of their respective subject facilities and modifications of their respective policies, practices, and procedures to provide full and equal access per the conditions listed within the paragraph 99 and its incorporation of Group 1 of Exhibit 1.

b.    Retention of jurisdiction over defendants, their successors, and the subject property and over the dispositional settlement, consent decree or judgment until satisfied all violations no longer exist and will not recur.

c.    Prohibiting the reopening of any closed businesses or any closed facilities until all conditions are remediated.

292. Per each of the requests made in in para. 106 and Exhibit 1, grant declaratory relief

1    against defendants and their successors-in-interest that:

2         a.    Defendants' actions and omissions as outlined violate law;

3         b.    Sets forth plaintiff's rights; and

4         c.    Sets forth defendants' obligations (please see para. 215 on p. 40).

5    293. Awarding plaintiff:

6         a.    Statutory and "actual" damages, according to proof.

7         b.    Treble damages where permitted.

8         c.    Punitive damages as to the Fifth, Sixth and Ninth Causes of Action;

9         d.    Prejudgment interest on all compensatory damages.

10        e.    All costs of this proceeding;

11        f.    Litigations expenses for the First Cause of Action;

12        g.    Reasonable statutory attorneys' fees as outlined herein, as well as an

13   enhancement.

14   294. Grant such other and further relief as this court may deem just and equitable.

15

16   Dated: November 30, 2022          THIMESCH LAW OFFICE, PLC
                                        TIMOTHY S. THIMESCH

17

18                                      GENE A. FARBER - Of Counsel

19                                      /s/ Authorized Signed
                                        Attorneys for Plaintiff FRANCISCA MORALEZ

20

21

22

23

24

25

26

27

28

Thimesch Law Offices
4413 PRAIRIE WILLOW CT.
CONCORD, CA 94521-4440
(925) 588-0401

Complaint for Equitable Relief and Damages:

1

## PROOF OF SERVICE

2

       I am over the age of 18 years and not a party to the within action.  My address is 4413 Black Walnut Court, Concord, California.

3

4

       On November 30, 2022, at the direction of an attorney who is a member of this court, I served the following document(s) on the following parties as follows:

5

       COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
       (Moralez v. Monterey Plaza Hotel Limited Partnership, et al.)

6

7

       The California Commission on Disability Access
       400 R Street, Suite 130
       Sacramento, CA  95811-6233
       CCDA@DGS <CCDA@ccda.ca.gov>

8

9

  X    I utilized the Commission's portal as its mandatory means of transmission.

10

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this November 30, 2022 at Concord, California.

11

12

13

                /s/ Authorized Signed
                TIMOTHY S. THIMESCH

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28