United States District Court
Northern District of California

1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    FRANCISCA MORALEZ,                        Case No. 22-cv-07540-TLT

           Plaintiff,
8
                                               **ORDER TO SHOW CAUSE AGAINST**
9        v.                                    **DEFENDANTS AND MANDATORY**
                                               **APPEARANCE AT HEARING**
10   MONTEREY PLAZA HOTEL LIMITED
     PARTNERSHIP,, et al.,                     Re: ECF No. 63
11
           Defendants.
12

13       The Court issued an Order to Show Cause against Defendants Monterey Plaza Hotel

14   Limited Partnership; Monterey Plaza Hotel Corporation; Woodside Hotel Group, Ltd; The

15   Cannery Row Company, L.P.; Foursome Development Company; Ted Balestreri; and Bert P.

16   Cutino ("Hotel Defendants") on September 12, 2023.  ECF No. 58.  The Order was issued as

17   Hotel Defendants did not submit a timely joint case management conference statement on

18   September 7, 2023 as previously ordered on July 31, 2023.  *See* ECF No. 52.  Counsel for Hotel

19   Defendants submitted an amended joint case management statement on September 12, 2023 (ECF

20   No. 59) and a response to the Order to Show Cause on September 13, 2023 (ECF No. 60).  The

21   Court, having been satisfied with Hotel Defendants' response, discharged the Order to Show

22   Cause for failure to file a joint case management statement at the Case Management Conference

23   on September 14, 2023.

24       At the Case Management Conference, however, the Court issued a second Order to Show

25   cause as to all parties for their failure to comply with the Court's order issued on September 10,

26   2023 granting the parties' stipulation to complete the settlement meeting under General Order 56 ¶

27   8, no later than July 31, 2023.  ECF No. 49.  The Court issued a third Order to Show Cause as to

28   why Defendants had not served plaintiff with their initial disclosures under Federal Rules of Civil

1    Procedure 26 and General Order 56 ℙ 3.  Lastly, the Court issued a fourth Order to Show Cause

2    against Hotel Defendants and the City of Monterey for their failure to provide legal authority

3    supporting their claims that mandatory historical and environmental assessments, parking

4    assessments and city-wide votes are needed to address any ADA issues.  *See* Scheduling Order,

5    ECF No. 63.

6    The Court, satisfied with Plaintiff's counsel's extensive efforts to schedule the settlement

7    conference, hereby discharges the Order to Show Cause against Plaintiff.  *See* ECF No. 67

8    Plaintiff's counsel contends that he sent multiple emails and made multiple phone calls to

9    reschedule the settlement meeting under General Order 56 ℙ 8 and did not receive a response from

10   either counsel for the Hotel Defendants or the City of Monterey.  **The hearing on the Order to**

11   **Show Cause will go forward tomorrow, Tuesday September 18, 2023 at 2:00 p.m., in person.**

12   This date will accommodate counsel's holiday schedule as the hearing will take place during the

13   gap between Rosh Hashanah and Yom Kippur.

14   **A.  Order to Show Cause as to Initial Disclosures Discharged.**

15   Defendants assert that they "understood" that there was a pause in discovery.  *See* ECF No.

16   69 ℙ 1; ECF No. 68 ℙ 1.  None of the defendants provide evidence of such an understanding.

17   Without a stipulation or administrative motion on file, these internal beliefs do not substantiate

18   justification for violating General Order 56 ℙ 4 and Federal Rule of Civil Procedure 26(a)(1).  As

19   the Court has ordered that defendants serve their responses by September 21, 2023, it hereby

20   discharged the order to show cause as to the initial disclosures.  In the event that Defendants'

21   initial disclosures are not provided to plaintiff by such date, the Court will revisit its Order to

22   Show Cause.

23   **B.  Order to Show Cause as to Settlement Conference under General Order 56 ℙ 8**

24   **Maintained and Set for Hearing.**

25   Defense counsel draws the court's attention to a stipulation filed by the parties seeking to

26   litigate this matter outside the parameters of General Order 56.  See ECF No.69, ℙ 2, ECF No. 68,

27   ℙ 1. While the accompanying order to lift the stay was granted, the Court did not grant the

28   stipulation to relieve the parties of their obligations under General Order 56.  Defendants' counsel

United States District Court
Northern District of California

2

1    reads in an order where none exits and is reminded that unless an order is expressly granted, an

2    order is denied.

3            All defendants claim that they were unable to meet the Court's order to complete the GO

4    56 settlement meeting by July 31, 2023.  ECF No. 49.  But this was a date *they stipulated* to.

5    Thus, arguments that the date did not allow for scheduling belies belief.

6            The Order to Show Cause as to Defendants failure to schedule and attend a settlement

7    conference July 31, 2023 under General Order 56, ℙ 8 is maintained.  Plaintiff's counsel is invited

8    to file his billing statement for time spent attempting to schedule the settlement conference and

9    following up to non-responses.

10        **C. Order to Show Cause as to Authority for Coastal Commission Review,**

11            **Environmental Impact Report, Traffic Study and City-Wide Vote Maintained**

12            **and Set for Hearing.**

13           The City of Monterey refused any proposed date for the settlement meeting earlier than 11-

14   15 months out until it could consider the impact of correcting the slopes to the sidewalk and

15   parking impact through the Coastal commission, an environmental impact report, a traffic study

16   and city-wide vote. It does not appear that the City of Monterey provided authority to Plaintiff's

17   counsel substantiating these claims.

18           In its July 31, 2023 order, the Court ordered that the City of Monterey include in its joint

19   case management statement "details related to the jurisdiction of the Coastal Commission, the

20   specific environmental reports required and whether any endangered species may be impacted…"

21   ECF No. 52.  The City of Monterey failed to comply with this order.  *See* ECF No. 57, 59.

22           In its Scheduling Order, "Defendants [were] further ORDERED to provide authority to

23   substantiate their claims that they need one year to complete mandatory historical and

24   environmental assessments.  Additionally, authority must be provided substantiating Defendants'

25   contention that there exists a grandfather clause relieving them of ADA compliance obligations."

26   Scheduling Order, ECF No. 63.  None of the Defendants provided this information and are in

27   violation of the Court's express order.  As such, the hearing on the Order to Show Cause will

28   move forward on September 19, 2023 at 2:00 p.m., in-person to assess the amount of sanctions to

United States District Court
Northern District of California

3

United States District Court
Northern District of California

1  be imposed for failure to comply with a court order as against Defendants The City of Monterey;

2  Monterey Plaza Hotel Ltd. Partnership; Monterey Plaza Hotel Corporation; Woodside Hotel

3  Group, Ltd; The Cannery Row Company, L.P.; Foursome Development Company; Ted Balestreri;

4  and Bert P. Cutino.

5      None of the Defendants provided any information responsive to this Order.  Defendant The

6  City of Monterey may be in contempt of court for violating two orders regarding the production of

7  this information.  If counsel prefers, they may file their response under seal.

8      Plaintiff's counsel is invited to submit or bring his billing statements for time spent

9  attempting to gather information regarding Defendants' legal basis for mandatory historical and

10  environmental assessments, parking assessment, city-wide votes, and ADA noncompliance.

11      Given the apparent absence of professionalism and civility, greater Court oversight is

12  necessary in this matter.  As such, the court adopts Plaintiff's proposals and **ORDERS** as follows:

13  1. All parties must respond to scheduling communications within 36 hours from the date and

14     time of receipt.

15  2. If counsel cannot accommodate any proposed dates, she/he/they must provide two

16     alternative dates within 36 hours from the date and time of receipt.

17  3. When seeking to alter or modify preset dates, including those contained in the Court's

18     scheduling order and General Order 56, the party necessitating the change must present the

19     Court with a stipulation or administrative motion in compliance with Civil L.R. 6.  Further

20     failure to comply with Civil L.R. 6 and noncompliance with the Court's scheduling order

21     or General Order 56 may result in sanctions.

22  4. If counsel has an extended conflict, she/he/they must file a notice of unavailability with

23     this Court identifying the date(s) of unavailability, and reasons for unavailability.  If the

24     unavailability is caused by a trial, the party must identify the case name, case number,

25     presiding judge, jurisdiction and estimated length of trial.

26      The parties are ordered to appear **in-person tomorrow, Tuesday, September 19, 2023 at**

27  **2:00 p.m.** which will accommodate counsel's holiday schedule as the hearing will take place

28  during the gap between Rosh Hashanah and Yom Kippur.

1        Lastly, counsel are encouraged to review the California Rules of Professional Conduct, the

2  American Bar Association Model Rules of Professional Conduct, and the Court's Civil Local

3  Rules.

4        **IT IS SO ORDERED.**

5  Dated: September 18, 2023

6

7                                   TRINA L. THOMPSON
                                    United States District Judge

United States District Court
Northern District of California